

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00541-CR

George **RAMIREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR5859
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: December 30, 2020

DISMISSED

The clerk's record has been filed in this case. The clerk's record contains the trial court's Rule 25.2 certification, which does not show appellant has the right of appeal. *See* TEX. R. APP. P. 25.2. We issued an order notifying appellant that this appeal would be dismissed within 30 days of the order if: (1) a certification or amended certification showing appellant has the right of appeal has not been made part of the record; and (2) the trial court's certification is not defective. *See id.* R. 25.2(d) (requiring us to dismiss a criminal appeal if a certification that shows the defendant has the right of appeal has not been made part of the record). Because no amended certification

showing appellant has the right of appeal has been made part of the appellate record, the only issue is whether the trial court's certification is defective in the notification of the defendant's appellate rights. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals must determine whether the certification is defective).

The trial court's certification states this is a plea-bargain case and the defendant has no right of appeal. *See* R. 25.2(a); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02. The clerk's record also does not show the trial court granted appellant permission to appeal or contain any matters that were raised by written motion and ruled on before trial. *See* R. 25.2(a). Appellant's counsel argues the certification is defective in the notification of the defendant's appellate rights.

Counsel states, "The parties entered into a plea bargain on July 31, 2019, under which appellant pleaded nolo contendere to the charged offense in exchange for a punishment recommendation of four [4] years' community supervision." However, the July 31, 2019 plea bargain states the parties "mutually agreed and recommended" that punishment be "assessed at Four (4) years" with a fine of $1,000. Although the State recommended community supervision, the plea bargain states, "The State may make recommendations regarding punishment; however, it is understood by all that even in the event the parties agree to recommend specific conditions and terms of community supervision or deferred adjudication or the length of supervision that such recommendations are not part of the formal plea agreement and are not binding on the Court." The trial court assessed at four years' confinement and a $1,000 fine.

Because the plea bargain expressly states recommendations regarding community supervision are not part of the plea agreement and are not binding, the clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* We conclude the trial court's certification is not

defective in its notification of the defendant's appellate rights. Accordingly, we must dismiss this appeal. *See id.* R. 25.2(d).

PER CURIAM

DO NOT PUBLISH